Violet Elizabeth Grayson (VEG-2792)
Attorney at Law
888 Seventh Avenue 45th floor
New York, New York 10106
(646) 406-1512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

```
-----------------------------------------------------------X
TRADEWINDS AIRLINES INC.,                  :
                                           :    Case No. 08 CV 5901
                    Plaintiff,             :
                                           :    COMPLAINT
         -against-                         :
                                           :    JURY TRIAL DEMANDED
GEORGE SOROS, AND PERNENDU                 :
CHATTERJEE,                                :
                                           :
                    Defendants.            :
-----------------------------------------------------------X
```

Introduction

1. This is an action by the holder of a $54,867,872.49 judgment against C-S Aviation, Services Inc., to pierce the corporate veil of said shell corporation, and recover the judgment from its principals, George Soros and Pernendu Chatterjee.

Parties, Jurisdiction and Venue

2. Plaintiff, TradeWinds Airlines, Inc. ("TradeWinds") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Greensboro, North Carolina.

3.      Defendant George Soros ("Soros") is a natural person and a resident and citizen of the state of New York.

4.      Defendant Pernendu Chatterjee ("Chatterjee") is a natural person and a resident and citizen of the state of New York.

5.      Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, as there exists complete diversity between plaintiff and defendants, and the amount in controversy exceeds $75,000.

7.      Venue is properly laid in the Southern District of New York, as events giving rise to this action occurred in the State, City and County of New York, and the defendants reside and/or have their principal place of business in New York County.

Facts

8.      In 1994, defendants Soros and Chatterjee, long-time business partners, decided to enter the aviation business together. For this purpose, they put in place a complex, multi-tiered corporate structure designed to, *inter alia*, conceal Soros's participation in the business, and ensure that the aircraft management company which actually conducted the business, and might therefore be sued in connection with its conduct of the business, owned no aircraft and was otherwise judgment proof.

9.      C-S Aviation Services, Inc. ("C-S") was incorporated in Delaware to serve as aircraft management company pursuant to the plan described above. Chatterjee has, at all pertinent times, been the sole shareholder of C-S, and a Director of C-S. For several years, Chatterjee actually controlled C-S. In 1998, however, defendant Soros assumed control of C-S.

10. Defendants Soros and Chatterjee organized their aviation business in the manner described above, and grossly undercapitalized C-S for the purpose of defrauding potential judgment creditors such as plaintiff.

11. Defendants Soros and Chatterjee also operated C-S as their alter-ego, not only by grossly undercapitalizing the company, but also by entirely ignoring corporate formalities, keeping no minutes of director's meetings or other normal corporate records, operating the company through persons who were neither its officers nor its directors, freely co-mingling the funds of C-S with the funds of other companies they controlled and with their own funds, up-streaming all income from C-S and the aviation business to themselves on an opportunistic basis, and ensuring that C-S always hovered on the verge of insolvency in order to defraud creditors.

12. In early 2003, following a post-911 downturn in the aviation industry, defendants decided to abandon C-S, and allow creditors to obtain default judgments against that entity. On July 15, 2003, Jet Star Enterprises, Ltd. obtained a judgment against C-S in the amount $3,432,867, in Federal District Court for the Southern District of New York. Ten days later, when said judgment became collectible under the Federal Rules of Civil Procedure, Defendants hastily stripped C-S of its officers, directors, employees, cash, chattel, business goodwill, business contracts, and business functions. A new corporation, utilizing the same employees to perform the same business functions, immediately commenced conducting business on defendant Soros's premises after C-S was dismembered.

13. Subsequently, C-S judgment creditor Jet Star Enterprises brought suit in the Southern District seeking to, *inter alia,* pierce the corporate veil of C-S to reach

defendants Soros and Chatterjee. The proceedings in said action, 05 CV 6585 (HB), are a matter of public record, and shed light upon the manner in which Soros and Chatterjee abused the corporate form in their operation of C-S.

14. Plaintiff is informed and believes that the affairs of C-S Aviation have never been wound up in compliance with Delaware law, and that said corporation continues to exist in a condition violative of its own by-laws and Delaware law.

15. In January of 2004, TradeWinds Airlines, which was engaged in complex litigation involving certain aircraft originally leased to TradeWinds by C-S, filed a Third Party Complaint against C-S in the Superior Court of Guilford County, North Carolina. A copy of said complaint, with summons, was sent via certified mail to the offices of defendant Soros, but was ignored. In due course, service of the Third Party Complaint upon C-S was perfected in compliance with North Carolina law. In August of 2004, TradeWind's moved the North Carolina court to enter the default of Third-Party defendant C-S.

15. In February of 2007, the North Carolina Court, following settlement of the balance of the litigation, entered the default of C-S. For a period of years prior to entry of said default, defendants Soros and Chatterjee knew that the motion for entry of default was pending.

16. In early 2008, TradeWinds moved for entry of a default judgment against C-S, in compliance with North Carolina law. On June 27, 2008, following submission of evidence and a hearing, the North Carolina Court entered judgment in favor of TradeWinds and against C-S in the amount of $54,867,872.49.

4

17. TradeWinds is unable to collect its judgment from C-S because defendants have abused the corporate form and rendered C-S insolvent and judgment proof in the manner previously set forth herein.

### First Cause of Action – To Pierce Corporate Veil

18. Plaintiff repeats and incorporates by reference the allegations of each of the foregoing paragraphs herein.

19. Defendants Soros and Chatterjee have abused the corporate form by treating C-S as their alter ego and defrauding the creditors of C-S as previously set forth herein.

33. Said misconduct of Soros and Chatterjee has caused plaintiff TradeWinds economic injury in the amount of $54,867,872.49 plus applicable post-judgment interest. This Court should accordingly issue a judgment piercing the corporate veil of C-S, and holding Soros and Chatterjee personally liable, jointly and severally, for the full amount of the North Carolina judgment plus post-judgment interest .

WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

1) Entering judgment in favor of plaintiff TradeWinds and against defendants Soros and Chatterjee, jointly and severally, in the amount of $54,867,872.49, plus applicable interest;

2) Awarding plaintiff attorney's fees and costs if and as allowed by law;

3) Awarding such other and further relief as this Court may deem just and proper.

Dated: June 28, 2008

                              Respectfully submitted,

By: _____
     Violet Elizabeth Grayson (VG-2792)
     Attorney at Law
     888 Seventh Avenue – 45th Floor
     New York, N.Y. 10106
     (646) 406-1512


Attorney for Plaintiff

6