**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------X
TRADEWINDS AIRLINES, INC.,          :

                Plaintiff,          :    08 Civ. 5901 (JFK)

        -against-                   :    MEMORANDUM OPINION
                                              & ORDER
GEORGE SOROS and PURNENDU¹          :
CHATTERJEE,
                                    :
                Defendants.
------------------------------------X
```
**JOHN F. KEENAN, United States District Judge:**

      TradeWinds Airlines, Inc. ("TradeWinds"), the holder of a $54.87 million default judgment in North Carolina state court against C-S Aviation Services ("C-S Aviation"), commenced this action to pierce C-S Aviation's corporate veil and recover the judgment from its alleged alter egos, George Soros and Purnendu Chatterjee. Defendants now move to dismiss the amended complaint for failure to state a claim, or, in the alternative, to stay the case pending a motion by C-S Aviation to vacate the default judgment. For the reasons below, defendants' motion to stay is granted, and decision on their motion to dismiss is reserved.

---

    ¹ The Clerk of the Court is directed to amend the caption to conform to this correct spelling of defendant Chatterjee's first name.

**Background**

**I.    Other Proceedings**

This case is an offshoot of complex litigation in North Carolina Superior Court, County of Guilford, concerning agreements for the lease of cargo aircraft (the "North Carolina Litigation").  On February 4, 2004, TradeWinds and its former parent companies, TradeWinds Holdings, Inc. ("Holdings") and Coreolis Holdings, Inc. ("Coreolis"), filed a third-party complaint against C-S Aviation, its parent companies, and Wells Fargo Bank Northwest, NA.  The complaint mainly alleged that C-S Aviation, acting as the agent of the other third-party defendants, made false representations to induce TradeWinds to lease the aircraft.

In August 2004, after C-S Aviation had failed to answer the North Carolina third-party complaint, the third-party plaintiffs moved jointly for an entry of default against C-S Aviation, and default was entered.  On April 24, 2008, TradeWinds alone moved for entry of a default judgment against C-S Aviation.  The claims against the other third-party defendants had been settled and dismissed in April 2005.

On June 25, 2008, with its motion for a default judgment pending, TradeWinds filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the

Southern District of Florida, Miami Division.  The bankruptcy case, which has since been converted to one under Chapter 7 of the Bankruptcy Code, currently is underway.

On June 27, 2008, the North Carolina court entered a default judgment in favor of TradeWinds and against C-S Aviation in the amount of $54,867,872.49.  The court found that C-S Aviation had engaged in deceptive trade practices by making false representations about the aircraft, that this caused TradeWinds to sustain damages of $16,326,528.94, and that TradeWinds was entitled to treble damages and pre-judgment interest under North Carolina law.

On August 25, 2008, C-S Aviation revived its Delaware certificate of incorporation, which had been void for nonpayment of fees since March 2005.  On August 27, 2008, C-S Aviation moved the North Carolina court to set aside the entry of default and the default judgment, pursuant to North Carolina Rule of Civil Procedure 60. In its motion, C-S Aviation argues that (1) TradeWinds did not properly serve the third-party complaint on C-S Aviation and failed to present adequate proof of service to support entry of default and the default judgment; (2) the third-party complaint fails to state a claim against C-S Aviation; and (3) extraordinary circumstances exist such that justice demands the vacatur of the entry of default and the

default judgment. The motion was argued on January 27, 2009, and is pending.

On November 12, 2008, Holdings and Coreolis moved the North Carolina court to amend the default judgment to add themselves as co-judgment creditors with TradeWinds, arguing that the third-party claims against C-S Aviation had been jointly asserted by all three parties. They also moved to intervene as co-plaintiffs in the instant veil-piercing action, based on their asserted interest in the default judgment. On February 10, 2009, however, the bankruptcy court in Miami determined that their motion to amend the default judgment was an attempt to share in an asset belonging to the TradeWinds' bankruptcy estate and, consequently, was subject to the automatic stay, 11 U.S.C. § 362(a). Accordingly, the bankruptcy court ordered Holdings and Coreolis to withdraw their motion to amend and their motion to intervene in the instant action.[2]

## II. The Instant Action

On June 30, 2008, three days after obtaining the default judgment against C-S Aviation in the North Carolina Litigation, TradeWinds commenced this action to pierce the company's corporate veil and recover the judgment from

---

[2] On February 10, 2009, Holdings and Coreolis filed in this Court a notice withdrawing the intervention motion, in compliance with the bankruptcy court's order.

defendants Soros and Chatterjee.  On October 3, 2008, plaintiff filed its first amended complaint (the "Amended Complaint").

The Amended Complaint alleges that long-time business partners Soros and Chatterjee ventured into the aviation business by establishing a "complex, multi-tiered" corporate structure, with C-S Aviation serving as the aircraft management company. (Amended Compl. ¶¶ 7-8.)  According to the complaint, Soros and Chatterjee operated the company as their alter ego by, inter alia, undercapitalizing it, ignoring corporate formalities, siphoning corporate funds, and, ultimately, stripping the company of its assets. (<u>Id.</u> ¶¶ 10-11.)  Such abuse of the corporate form is alleged to have rendered the company unable to satisfy the default judgment that TradeWinds obtained in the North Carolina Litigation. (<u>Id.</u> ¶¶ 17-18.)

On November 10, 2008, defendants filed the instant motion to dismiss the Amended Complaint for failure to state a claim, or, alternatively, to stay the case pending C-S Aviation's motion in North Carolina to vacate the default judgment.  On December 8, 2008, after learning that the bankruptcy court in Miami had not yet approved the trustee's application to retain Violet Elizabeth Grayson, Esq., as counsel for TradeWinds in this case, the Court adjourned the briefing schedule sine die.  The bankruptcy court approved the application for Ms. Grayson's retention on January 7, 2009.

TradeWinds then filed its opposition to the motion, and defendants submitted reply memoranda. The motion was fully briefed on January 27, 2009, and oral argument was heard on February 10, 2009.

Defendants also have filed a motion to disqualify Ms. Grayson as plaintiff's counsel. They assert that, in representing TradeWinds in this action, she has breached a confidentiality agreement that she signed as counsel to a plaintiff in a prior action brought to pierce C-S Aviation's corporate veil and reach Soros and Chatterjee personally. See Jet Star Enters. v. Soros, Chaterjee et al., No. 1:05-cv-6585 (HB). The disqualification motion is not yet fully briefed.

As discussed below, the Court finds that a stay of these proceedings pending the motion to vacate the default judgment is appropriate. Therefore, the Court will reserve decision on defendants' alternative motion to dismiss.

## Discussion

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997). Accordingly, the decision to issue a stay is "firmly within a district court's

- 6 -

discretion." Am. Shipping Line, Inc. v. Massan Shipping Indus., 885 F. Supp. 499, 502 (S.D.N.Y. 1995). The factors relevant in determining whether to issue a stay are:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting Volmar Distribs. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). In balancing these factors, "the basic goal is to avoid prejudice." Id. "If there is even a fair possibility that the stay for which he prays will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." Katz v. Feinberg, No. 99 Civ. 11705, 2001 WL 1132018, at *2 (S.D.N.Y. Sept. 24, 2001) (quoting Landis, 299 U.S. at 255).

With respect to the first factor, "[c]ourts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with its case." Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc., No. 05 Civ. 5155, 2007 WL 674691, at *5 (E.D.N.Y. Feb. 28, 2007) (citing LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). This concern

is minimal here because TradeWinds' right to proceed with its case depends on the outcome of the motion to vacate. It is undisputed that TradeWinds' claim to pierce the corporate veil and enforce the default judgment against Soros and Chatterjee must be dismissed if the default judgment is vacated. Furthermore, TradeWinds has not asserted that it or anyone else would suffer prejudice if forced to wait until the North Carolina court decides the motion. As mentioned above, the motion is fully submitted and was argued recently, so an answer can be expected in the near future.

By contrast, the interests of this Court and both parties will be served by awaiting the North Carolina court's decision. Any efforts undertaken in the meantime to advance these proceedings will have been wasted if the case becomes moot through the vacatur of the default judgment.

TradeWinds objects that, because this veil-piercing action is analogous to an action to enforce a judgment, the Court should require Soros and Chatterjee to post a bond in the amount of the judgment before issuing a stay. See Fed. R. Civ. P. 62(b). TradeWinds relies on Butler v. Ungerleider, 199 F.2d 709 (2d Cir. 1952), and Katz v. Feinberg, 2001 WL 1132018, at *2. However, both cases involved a judgment debtor who sought to stay enforcement of the judgment pending other proceedings.

- 8 -

Soros and Chatterjee are not judgment debtors.  Forcing them to post a bond for C-S Aviation's debt would be akin to a $54.87 million pre-judgment attachment against them.  That would require plaintiff to show, inter alia, a probability of success on its veil-piercing claim and a likelihood that defendants will fraudulently transfer their assets to frustrate a potential judgment.  See, e.g., Empire Motor Show LLC v. Kruse, Inc., No. 05 Civ. 10611, 2006 WL 2329379, at *1 (S.D.N.Y. Aug. 11, 2006). Such a showing has not been made here.

Accordingly, with the exception stated below, these proceedings are stayed pending the North Carolina court's decision on the motion to vacate the default judgment.[3]  The parties shall provide this Court with a copy of that decision as soon as it is available.  If the decision becomes subject to appellate review, defendants may apply to extend the stay.

Meanwhile, in spite of the stay, the Court will entertain defendants' motion to disqualify Ms. Grayson as plaintiff's counsel.  Ms. Grayson has requested a prompt ruling

---

[3] It should be noted that this stay is not an exercise of Colorado River abstention, because the North Carolina court will not decide any issue that is to be decided in this case. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (holding that, in exceptional circumstances, a federal court may decline to exercise its jurisdiction when there is a concurrent state court action).

on this motion, and her request is reasonable. Therefore, as discussed at oral argument, the parties are directed to submit a stipulated briefing schedule and a proposed argument date for the disqualification motion. All other activity in this case, including defendants' motion to dismiss the Amended Complaint, is stayed.

**SO ORDERED.**

**Dated:**   New York, New York
            February 23, 2009

                                                _/s/ John F. Keenan_
                                                **JOHN F. KEENAN**
                                      **United States District Judge**