```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TRADEWINDS AIRLINES, INC.,          :
                                    :
                Plaintiff,          :
                                    :
      -against-                     :
                                    :
GEORGE SOROS and PURNENDU           :
CHATTERJEE,                         :
                                    :        08 Civ. 5901 (JFK)
                Defendants.         :        10 Civ. 8175 (JFK)
------------------------------------X
COREOLIS HOLDINGS, INC., et al.,    :        MEMORANDUM OPINION
                                    :            AND ORDER
                Plaintiffs,         :
                                    :
      -against-                     :
                                    :
GEORGE SOROS and PURNENDU           :
CHATTERJEE,                         :
                                    :
                Defendants.         :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 18, 2011

**JOHN F. KEENAN, United States District Judge:**

In these consolidated actions, plaintiffs TradeWinds Airlines, Inc. ("TradeWinds"), Coreolis Holdings, Inc. ("Coreolis"), and TradeWinds Holdings, Inc. ("TW Holdings") (collectively, "Plaintiffs") seek to pierce the corporate veil of C-S Aviation, Inc. ("C-S Aviation") and hold defendants George Soros and Purnendu Chatterjee ("Defendants") liable for a judgment entered against C-S Aviation by the Superior Court of the State of North Carolina for Guillford County ("North Carolina Superior Court"). Plaintiffs move to compel the production of certain documents in advance of depositions of

-1-

Soros and former C-S Aviation employees Bharat Bhise, James Walsh, Thomas Seery, and Gary Kincaid.  For the reasons discussed below, Plaintiffs' motion to compel is granted in part and denied in part.

## I.  Background

TradeWinds commenced the first of these consolidated actions in 2008, to enforce a default judgment entered by the North Carolina Superior Court against C-S Aviation.  In February 2009, due to ongoing litigation before the North Carolina Superior Court between Plaintiffs and C-S Aviation, this Court granted Defendants' request for a stay pending the resolution of that litigation. See Tradewinds Airlines, Inc. v. Soros, No. 08 Civ. 5901 (JFK), 2009 WL 435298, at *3-4 (S.D.N.Y. Feb. 23, 2009).  On July 26, 2010, the North Carolina Superior Court amended, but did not vacate, the judgment, and C-S Aviation moved to vacate the amended judgment.

During the pendency of the motion to vacate the amended judgment before the North Carolina Superior Court, Defendants moved to continue the stay pending resolution of that motion and any appeal from the resolution of that motion. (Notice of Motion 1, Aug. 20, 2010.)  Thereafter, Coreolis and TW Holdings commenced the second of these consolidated actions, and the parties agreed that this Court's ruling on Defendants' motion to

continue the stay would apply equally to both actions. (Stipulated Order Concerning Stay ¶ 2, Nov. 16, 2010.)

The Court granted Defendants' motion to continue the stay on February 1, 2011. See TradeWinds Airlines, Inc., Nos. 08 Civ. 5901 (JFK), 10 Civ. 8175 (JFK), 2011 WL 309636 (S.D.N.Y. Feb. 1, 2011). However, in order to avoid prejudice to Plaintiffs from a potentially lengthy stay, the Court agreed to permit Plaintffs to depose Bharat Bhise, James Walsh, Thomas Seery, Gary Kincaid, and George Soros. Id. at *4. The Court also permitted Plaintiffs to request "documents authored by or directed to the attention of the persons that will be deposed." (Endorsed Letter 2, Feb. 7, 2011.) Plaintiffs served demands for document production on March 28, 2011, and Defendants objected to parts of these demands for document production. By a letter dated June 15, 2011, the Plaintiffs requested that the Court compel production of three categories of documents: (1) withheld documents created after June 30, 2008; (2) documents concerning other veil piercing litigation brought against Defendants; and (3) documents concerning any court finding that Defendants had engaged in fraud or illegal conduct. Plaintiffs also demanded that Defendants produce these documents without entering into any confidentiality agreement. Subsequently, the Court received letters from Plaintiffs dated June 22 and August 11, 2011, and letters from Defendants dated June 23 and August 8. These

-3-

letters set forth the parties' positions on the four discovery issues identified in Plaintiff's June 15 letter.

## II.  Discussion

Because the Court has imposed a stay of these actions with only a limited exception for preservation discovery by Plaintiffs, the scope of permissible discovery at this stage of the litigation is defined by the Court's Memorandum Opinion and Order dated February 1, 2011 and by the Court's subsequent clarification on February 7.  Plaintiffs are entitled to compel the production of documents that are necessary to examine Bharat Bhise, James Walsh, Thomas Seery, Gary Kincaid, and George Soros.  In other words, Plaintiffs may request documents authored by or directed to the attention of the persons Plaintiffs seek to depose, so long as those documents relate to a "nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and are necessary for an effective examination.

This Memorandum Opinion and Order is concerned only with the narrow issue of what discovery is available to Plaintiffs at this stage of the litigation, and does not restrict the scope of discovery available to either party if and when the general stay of this action is lifted.

**A.   Documents Created After June 30, 2008**

Plaintiffs allege that Defendants are withholding documents created after TradeWinds filed the first of these consolidated actions on June 30, 2008.  Defendants claim that they should not be compelled to produce documents created after the filing of the TradeWinds action, with the admitted exception of documents related to two discrete issues:  (1) who paid fees due to the State of Delaware in order to bring C-S Aviation back into good corporate standing; and (2) who is paying for the cost of the ongoing litigation in the North Carolina state courts.

In this case, Plaintiffs allege that Defendants "abused the corporate form by creating an elaborate shell game to profit themselves while defrauding creditors." (TradeWinds Second Amended Compl. ¶ 23.)  The two veil-piercing theories proposed by Plaintiffs are that Defendants are "responsible for the misconduct of C-S which gave rise to the judgment against that corporation," and that Defendants "engaged in myriad improprieties in connection with reviving C-S Aviation." (Id. ¶¶ 8, 17.)  Regardless of the merits of the Plaintiffs' allegations, only those documents relating to one of these theories are likely to be relevant to these consolidated actions.  Defendants' proposal to limit discovery of documents created after June 30, 2008 to documents relating to the payment of fees due to the State of Delaware in order to bring C-S

-5-

Aviation back into good corporate standing or the payment for the cost of the ongoing litigation in the North Carolina state courts is reasonable at this stage of the litigation.  All the alleged misconduct relating to the operation of C-S Aviation took place prior to 2008, and Plaintiffs have not demonstrated that other documents created after June 30, 2008 would be relevant to its allegation that Defendants improperly revived C-S Aviation.  However, in accordance with the Court's prior rulings, Defendants must produce actual documents if those documents were authored by or directed to the attention of the persons being deposed, even if the documents post-date June 30, 2008.  Defendants may not substitute summaries of information for the discoverable documents.

**B.   Documents Concerning Other Veil Piercing Litigation Brought Against Defendants**

Plaintiffs urge the Court to compel the production of "nonprivileged documents concerning other veil piercing actions brought against" Defendants or certain business entities with which they are associated, specifically Soros Fund Management, the Quantum Fund, Chatterjee Management Company, and the Winston Funds.  The Court agrees with Defendants that this request is overly broad, especially considering the limited purpose of the exception to the stay of these actions.  Therefore, the Court will limit the scope of Plaintiffs' request.  To the extent that

documents are not subject to privilege or a protective order preventing their production, Defendants must produce documents relating to: (1) any finding by a court that a veil piercing remedy was appropriate with respect to any of the business entities set forth above in this paragraph, or the Defendants in connection with those entities; or (2) any veil piercing litigation brought against Defendants or the above-named entities as a result of the operation of C-S Aviation.

**C.   Documents Concerning Litigation in which a Finding of Fraudulent or Illegal Conduct on the Part of Defendants Was Made**

Plaintiffs contend that Defendants have wrongfully failed to produce documents relating to litigation in which a Court found that Defendants had acted fraudulently or illegally. In responding to Plaintiffs' letter, Defendants represent that they "are aware of only one case that would be responsive to this request," and argue that the case, concerning "an offense under the French insider trading laws," is not relevant to any of the issues in this case. Defendants also argue that discovery of every document related to this insider trading case would be unreasonably expensive because the documents authored by or directed to the attention of Soros that are relevant to the insider trading case are mostly privileged and could date as far back as 1988.

For purposes of deciding this motion to compel, the Court accepts Defendants' representation that the French insider-trading case is the only case that they are aware of in which a court found Soros or Chatterjee acted fraudulently or illegally. The Court agrees that production of all documents relating to the French insider trading case would impose an unnecessary cost at this stage of the litigation, especially in light of the publicly available information allegations leveled against Soros in the French insider trading case. See Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring a court to "limit the frequency or extent of discovery" when it "determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

**D.   Protective Order Dispute**

Defendants have objected to the production of any documents without the entry of a protective order.  In their letter dated August 9, 2011, Plaintiffs indicated that they would be "willing to abide by [the Court's] ruling on confidentiality as to all documents produced." (Pls.' Aug. 9, 2011 Ltr. 2.)

The Court finds that such a protective order would be reasonable in this case, especially given the one-sided nature of the discovery taking place at this stage of the litigation. If discovery were proceeding in the normal course of litigation,

both parties would have similar incentives to enter into a protective order. Given the limited nature of the stay of this litigation, and with the consent of Plaintiffs to abide by the Court's ruling on this issue, the Court orders the parties to negotiate the terms of a protective order in good faith and submit a stipulation to the Court within ten days of the entry of this Memorandum Opinion and Order.

### III. Conclusion

Defendants are hereby ordered to produce, within sixty days of the entry of this Memorandum Opinion and Order, documents responsive to Plaintiffs' requests, as limited herein. Additionally, the parties must confer and produce a reasonable confidentiality order within ten days of the entry of this Memorandum Opinion and Order.

Hereafter, all discovery issues in these cases are to be referred to Magistrate Judge Andrew Peck.

**SO ORDERED.**

Dated:   New York, New York
         October 18, 2011

_____
John F. Keenan
United States District Judge