SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

SHAWN J. RABIN
DIRECT DIAL (212) 471-8347

E-MAIL SRABIN@SUSMANGODFREY.COM

December 16, 2013

*Via ECF*

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District Of New York
500 Pearl Street
New York, NY 10007

> Re: **Coreolis Holdings, Inc., et al. v. George Soros, et al. (10-cv-8175); and TradeWinds Airlines, Inc. v. George Soros, et al. (08-cv-5901)**

Dear Judge Peck:

We represent plaintiff TradeWinds Airlines, Inc. ("TradeWinds), in this veil-piercing action (Case No. 10-cv-8175). Co-plaintiffs Coreolis Holdings, Inc. and TradeWinds Holdings, Inc. (collectively, "Coreolis"), join this letter.

On Friday, December 13, 2013, Defendants filed a letter requesting an extension of the discovery deadline. Throughout last week, we had engaged in discussions with Defendants regarding outstanding discovery issues, and the time-frame in which the parties anticipated being able to resolve them. The parties were in agreement with respect to the vast majority of these matters, and had agreed to extend the discovery deadline until January **10**, 2014, to complete the depositions of Carlos Arteaga, Diane Southwood-Smith, and a number of third-parties who either Plaintiffs, Defendants, or both had been seeking to depose for many weeks. These depositions were timely noticed, and the delay in completing them before the fact discovery deadline was primarily due to the deponents' availability.

December 16, 2013
Page 2

      Where our negotiations stalled, however, was Defendants' effort to extend discovery beyond the limited extensions requested here, and Defendants' attempt to require answers to discovery that they failed to serve timely. For example, Defendants served interrogatories just three days shy of the December 13, 2013, discovery deadline and served certain third-parties document requests only eight days before the discovery deadline. *See* Fed. R. Civ. P. 34(b)(2)(A) (the party from whom discovery is requested has thirty days to respond); *Foreman v. AT&T*, 92 Civ. 904(DAB), 1995 WL 49271, at *1 (S.D.N.Y. Feb. 8, 1995) (discovery requests served one business day before the discovery deadline were untimely); *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP,* 03 Civ. 5560(RMB)(HBP), 2009 WL 398751, at *1 (S.D.N.Y. Feb. 18, 2009) (when response to discovery requests would be due five days after discovery deadline, requests were untimely). Judge Keenan's case management order does not say that discovery shall be served by December 13, 2013; it says that fact discovery is "to be complete" by that date. Defendants' last-minute document requests and interrogatories, served on the eve of the deadline, violate that Order.

      A mutual extension of the discovery deadline should not present an opportunity for Defendants to serve and enforce discovery requests they failed to timely serve. Instead, the extension of the discovery deadline is intended to allow both parties sufficient time to resolve any outstanding discovery that had been timely served—such as completing depositions where Defendants elected not to ask questions because of counsel's scheduling conflict, scheduling depositions that were validly noticed weeks (if not months) earlier, and collecting documents that were properly requested thirty days in advance of the close of discovery.

      After we identified this difference of opinion, Defendants refused to negotiate further, and, without a proper meet and confer, proceeded to file the December 13, 2013, letter requesting an extension of the discovery deadline until January **17**, 2013. As we explained to Defendants, we agree that the discovery deadline should be extended for the limited purposes of completing the depositions of Carlos Arteaga and Diane Southwood-Smith; conducting the deposition of David Robb; and completing discovery pursuant to subpoenas issued weeks ago to Deutsche Bank, Skyworks Leasing LLC, Soros Fund Management, and Chatterjee Management Company.

December 16, 2013
Page 3


      As Defendants had previously agreed, extending the discovery deadline to January **10**, 2013, is sufficient for purposes of completing the identified tasks without disrupting any expert discovery deadlines—the first of which is set for February 7, 2014.  However, the extension should be limited only for this purpose and nothing else; it should not prejudice the rights of Plaintiffs or third-parties who were served with untimely discovery requests that do not warrant responses.

Respectfully,

Shawn J. Rabin

cc:  All counsel (*via email*)