**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
TRADEWINDS AIRLINES, INC.,           :
                                     :
                    <u>Plaintiff</u>,     :
                                     :
     -against-                       :
                                     :
GEORGE SOROS and PURNENDU            :
CHATTERJEE,                          :
                                     :   No. 08 Civ. 5901 (JFK)
                    <u>Defendants</u>.    :   No. 10 Civ. 8175 (JFK)
------------------------------------X
COREOLIS HOLDINGS, INC. and          :   **Memorandum Opinion**
TRADEWINDS HOLDINGS, INC.,           :   **& Order**
                                     :
                    <u>Plaintiffs</u>,    :
                                     :
     -against-                       :
                                     :
GEORGE SOROS and PURNENDU            :
CHATTERJEE,                          :
                                     :
                    <u>Defendants</u>.    :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Coreolis Holdings, Inc.; TradeWinds Holdings, Inc.; and TradeWinds Airlines, Inc. (collectively, "Plaintiffs") move to modify a protective order issued in the above-referenced actions on October 1, 2013. For the reasons set forth below, the motion is granted.

## Background

The Court assumes familiarity with the factual background of these now-completed actions as set forth in the Opinion and Order dated March 31, 2015. See <u>TradeWinds Airlines, Inc. v.</u>

1

Soros, 101 F. Supp. 3d 270, 271-277 (S.D.N.Y. 2015), aff'd, 637 F. App'x 53 (2d Cir. 2016).  Plaintiffs hold unsatisfied North Carolina judgments against C-S Aviation Services, Inc. ("C-S Aviation") and brought these actions to pierce the corporate veil of C-S Aviation and recover from its alleged alter egos, George Soros and Purnendu Chatterjee ("Defendants").  In connection with that litigation, this Court "so ordered" a stipulated protective order on October 1, 2013 (the "Protective Order" or "Order"), which governs the disclosure and use of all discovery material produced in the instant actions.

On March 31, 2015, this Court granted summary judgment for Defendants. Soros, 101 F. Supp. 3d at 283.  That decision was affirmed by the Second Circuit Court of Appeals on March 10, 2016. Soros, 637 F. App'x 53 (2d Cir. 2016).  On May 26, 2016, Plaintiffs filed a veil-piercing action in the General Court of Justice, Superior Court Division, Guilford County, North Carolina, to enforce the North Carolina judgments against Soros Fund Management LLC ("SFM") as C-S Aviation's alleged alter ego. See Notice of Removal at 1-2, Trustee for TradeWinds Airlines, Inc. v. Soros Fund Mgmt. LLC, No. 16-cv-0710 (M.D.N.C. June 23, 2016.)  SFM subsequently removed the action to the United States District Court for the Middle District of North Carolina. Id. Plaintiffs now seek modification of the Protective Order so that discovery material produced in the instant actions may be used

2

in connection with the newly filed North Carolina action, subject to the same confidentiality provisions, and with the exception of the discovery material produced by Dr. Chatterjee.

## Analysis

A district court retains jurisdiction to modify or terminate a protective order it has issued, even after judgment. Gambale v. Deutsche Bank AG, 377 F.3d 133, 139-142 (2d Cir. 2004). The Second Circuit has held that where a party has reasonably relied on a protective order in giving testimony or producing materials, a district court should not modify the order "absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." S.E.C. v. TheStreet.Com, 273 F.3d 222, 229 (2d Cir. 2001) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979)). On the other hand, where a party or deponent could not have reasonably relied on the continuation of the protective order, the decision whether to modify the order is left to the "sound discretion of the trial court." Id. at 231 (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987)).

In determining whether there has been reasonable reliance on a protective order, district courts in this circuit have considered: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court

3

undertook before granting the order; and (4) the nature of reliance on the order." In re Sept. 11 Litig., 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (quoting In re EPDM Antitrust Litig., 255 F.R.D at 318 (D. Conn. 2009)).  Here, each of these factors weighs against reasonable reliance and in favor of permitting modification.  First, the scope of the Protective Order favors modification because the Order is a "blanket" order covering all documents produced during the litigation, not a targeted order covering only certain documents. See EPDM, 255 F.R.D at 319.  Next, the language of the Order supports permitting modification because it specifically provides that either party may seek changes to the Order. (See Protective Order ¶ 9 ("Nothing herein shall prevent any party from seeking further, greater or lesser protection with respect to the use of any Discovery Material in connection with this litigation.").)  The level of inquiry undertaken before the Order was entered also weighs in favor of modification because the Court "so ordered" the parties' stipulation without having cause to determine whether all the documents covered actually warranted protection. See EPDM, 255 F.R.D at 322 ("In the absence of the requisite good cause showing, it cannot be presumed that every piece of discovery filed under the Order is actually worthy of such a high level of protection." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006)).  Finally, the nature of the

reliance on the Order weighs in favor of modification because there is no indication that the Defendants relied on the Order to produce documents they would not have otherwise disclosed.

Even if Plaintiffs were required to show a "compelling need" or "extraordinary circumstance," however, they have done so.  First, courts within this circuit have found there to be a "compelling need" or "extraordinary circumstance" warranting modification where a blanket protective order is entered without a showing of good cause. See Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc., 287 F.R.D. 130, 132 (E.D.N.Y. 2012); Fournier v. Erickson, 242 F. Supp. 2d 318, 341-42 (S.D.N.Y. 2003).

Further, there is a compelling need for modification here to avoid considerable unnecessary effort and expense. Plaintiffs' claims in the North Carolina action are closely related to the claims brought before this Court.  Without modification of the Protective Order, the same discovery materials will likely have to be reviewed and re-produced, needlessly causing duplication of effort and extra expense.  And importantly, because the proposed modifications maintain the same protections regarding public disclosure, there is no significant prejudice to any party.

While Mr. Soros's counsel urges the Court to wait until the North Carolina action reaches a more advanced stage before

modifying the Protective Order, he acknowledges that SFM intends to file a motion to dismiss the North Carolina action for lack of personal jurisdiction. See Letter from Martin Klotz, Esq. to Hon. John F. Keenan 1 (July 7, 2016). Specifically, SFM intends to argue that plaintiffs have failed to make a prima facie showing that SFM is the alter ego of C-S Aviation. See id. The current deadline for the motion is July 21, 2016. See Docket Entry, Trustee for TradeWinds Airlines, Inc. v. Soros Fund Mgmt. LLC, No. 16-cv-0710 (M.D.N.C. June 28, 2016.) Because discovery material from the actions litigated before this Court will very likely be useful in resolving that jurisdictional issue, the Court sees no reason to delay modifying the Protective Order.

For these reasons, Plaintiffs' motion to modify the Protective Order is granted. The Court has contemporaneously filed a separate order setting forth modifications consistent with this opinion.

**SO ORDERED.**

Dated:   New York, New York
         July 20, 2016

                                          */s/ John F. Keenan*
                                          Hon. John F. Keenan
                                          United States District Judge